UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

v.                                         Case No: 6:19-cv-516-Orl-37TBS

CAFE KREOL & BAR CORP. and
GILSON MORTIMER,

    Defendants.

## ORDER

Plaintiff filed this case on March 16, 2019 (Doc. 1) and served Defendant Café Kreol & Bar Corp. on April 17, 2019 (Doc. 15). Defendant Gilson Mortimer was served on July 8, 2019 (Doc. 17).

Mortimer was served more than 90 days after the case was filed. "If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action, without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Plaintiff has not sought or been granted leave to serve Mortimer after the 90 days expired.

The Related Case Order and Track Two Notice requires the parties to conduct their initial case management conference no later than 45 days after service or the appearance of any Defendant (Doc. 8). The Order also requires the filing of the parties' case management report within seven days of the meeting (Id.). On July 1, 2019 the Court ordered that the report be filed no later than July 12, 2019 (Doc. 16). The case management report has not been filed. Now, Plaintiff seeks an additional 30 days for the

parties to meet, confer and file their report (Doc. 18).[1] As grounds, it notes that Cafe Kreol has failed to appear in the case and (although not clearly articulated by Plaintiff), Mortimer is still within his time to respond to the complaint (Id., ¶¶ 1-2).[2]

The Court "must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." FED. R. CIV. P. 16(b)(2). Thus, absent good cause, the scheduling order must be issued today. Federal Rule of Civil Procedure 6(b)(1)(A) also imposes a good cause requirement on applications for extensions of time.

The Court does not find good cause for the relief requested. Plaintiff seeks an enlargement of time in a case where one Defendant is due to be defaulted and the claim against the other Defendant could be dismissed without prejudice for failing to comply with FED. R. CIV. P. 4(m). In addition, the Court knew when it entered the Order establishing the July 12, 2019 deadline that Café Kreol had been served more than 21 days previously and had not appeared to defend the case. On this record, the motion is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on July 15, 2019.

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

---

[1] Plaintiff's response to the Order and motion for extension of time were improperly combined in a single paper. See Local Rule 3.01(a).

[2] If Plaintiff has obtained good service on Café Kreol, then the Court fails to understand why it has not requested entry of a Clerk's default against this Defendant.

Copies furnished to:

    Counsel of Record
    Unrepresented Parties